IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

| | |
|---|---|
| **ANTHONY LAMONT DIGGS,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00238 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **MR. B. SMITH, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Anthony Lamont Diggs, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officers at Pocahontas State Correctional Center, Unit Manager B. Smith and Sergeant E.C. Browning. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

According to the complaint, Diggs was asked to submit to a urinary drug screen on March 29, 2024. Compl., ECF No. 1., at 3. Diggs attempted to explain to Smith that he could not urinate because he had a kidney infection, but Smith ignored his explanation and told him that he would be receiving a disciplinary charge. Id. at 2–3. Browning, who did not speak to Diggs, subsequently issued him a disciplinary charge for refusing to submit to a drug screen. Id. at 3. Diggs alleges that the charge was false and that he "never once [said he was] not taking that test." Id. Diggs claims that the defendants' conduct violated his rights under the Eighth Amendment. Id. at 2.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Mere conclusory statements are not enough to demonstrate facial plausibility." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (internal quotation marks and brackets omitted).

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.    Discussion

Diggs filed suit against Smith and Browning under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting

constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Diggs claims that the defendants violated his rights under the Eighth Amendment. "The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII). "[T]he Supreme Court has . . . held that prison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024) (internal quotation marks and citations omitted). "For a prisoner to assert that prison officials imposed conditions of confinement that deprive him of life's necessities, however, he 'must prove two elements—that the deprivation by prison officials of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Id. (internal quotation marks and brackets omitted). "In prison-conditions cases[,] that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). An "must establish . . . that the official subjectively knew of and disregarded an excessive risk to the inmate's health or safety." Hixson v. Moran, 1 F.4th 297, 302 (4th Cir. 2021). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

3

Diggs does not plausibly allege that Smith or Browning acted with deliberate indifference to his health or safety. The conduct he describes—falsely accusing him of refusing to submit to a urinary drug screen—does not rise to the level of an Eighth Amendment violation. See Hernandez v. Unknown, 433 F. App'x 56, 59 (3d Cir. 2011) (explaining that an officer's allegedly false statement at an inmate's disciplinary hearing "was not an example of deliberate indifference to a substantial risk of serious harm."). Nor does it give rise to any other claim under § 1983. As a general rule, "a false disciplinary charge cannot serve as the basis for a constitutional claim." Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016). Although there are exceptions to this rule, such as when a disciplinary charge is filed for an unlawful retaliatory reason, see Booker v. S.C. Dep't of Corr., 583 F. App'x 43, 44 (4th Cir. 2014), Diggs does not allege that either defendant pursued the disciplinary charge in retaliation for engaging in constitutionally protected activity. Consequently, his complaint fails to state a claim upon which relief may be granted.

## IV.    Conclusion

For the foregoing reasons, the complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: August 12, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.12 10:25:54
-04'00'

Michael F. Urbanski
Senior United States District Judge

4